UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| THEA MASON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:19-cv-2-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STATE FARM MUTUAL AUTOMOBILE | ) | **AND ORDER** |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter comes before the Court on Defendant's Motion to Bifurcate [DE 10], insofar as it requests that discovery pertaining to the bifurcated claim be held in abeyance pending resolution of the underlying contractual claim. [DE 10, at 1]. Plaintiff has responded in opposition, and Defendant subsequently filed a reply. [DE 14; DE 15]. This matter is now ripe for review.

**A. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint [DE 1-1, at 12-18] alleges she was injured in an automobile accident on or about August 9, 2016, in which an automobile driven by Deonsha Jackson struck the rear of Plaintiff's vehicle. *Id.* at 13. Since the accident, Plaintiff has settled her claim against Ms. Jackson for $25,000.00, which was the limit of Ms. Jackson's insurance policy. *Id.* at 14; [DE 14, at 2]. Also, Plaintiff submitted her claims to Defendant, her underinsured motorist ("UIM") carrier, and argues Defendant "is

contractually obligated to compensate Plaintiff for UIM benefits for all damages Plaintiff sustained in excess of Deonsha Jackson's insurance policy limits." [DE 1-1, at 14-15]. Despite allegedly having a single limit amount of $100,000.00 under Plaintiff's UIM coverage, Plaintiff claims that on February 21, 2019, Defendant tendered $7,500.00 to resolve the UIM claim. [DE 14, at 3]. In addition to Plaintiff's contractual claim, since Defendant allegedly did not pay the full amount of Plaintiff's damages, Plaintiff further claims Defendant committed bad faith by failing to pay the full amount of Plaintiff's damages that were not covered by the settlement of Plaintiff's claim against Ms. Jackson. *Id.* at 15-17; *see also* [DE 14, at 3].

After Defendant filed the present Motion to Bifurcate [DE 10], the Parties agreed to bifurcate the underlying contractual claim from the bad faith claims. [DE 13]. Despite the Parties' agreement to bifurcate the claims, the Motion to Bifurcate [DE 10] required further briefing, insofar as it pertains to the bifurcated claims being held in abeyance pending resolution of the underlying contractual claim. This matter is now fully briefed, and for the following reasons, Defendant's Motion to Bifurcate [DE 10], insofar as it requests that discovery pertaining to the bifurcated claim be held in abeyance pending resolution of the underlying contractual claim, will be granted.

## B. STANDARD OF REVIEW

"Rule 42(b) of the Federal Rules of Civil Procedure provides that in order to promote convenience and economy or avoid prejudice, a district court 'may order a separate trial of any claim ... or ... any separate issue.'" *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.,* 76 F.3d 743, 747 (6th Cir. 1996) (quoting Fed. R. Civ. P. 42(b)). "The decision whether to try issues separately is within the sound discretion of the court." *Id.* (quoting *In Re Bendectin Litigation,* 857 F.2d 290, 307 (6th Cir. 1988)).

## C. DISCUSSION

Defendant argues discovery pertaining to Plaintiff's bad faith claims should be stayed until liability is established on the underlying contractual claim. [DE 10-1, at 6-12]. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir. 2003) (citing *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999). Indeed, the Sixth Circuit held in *Smith v. Allstate Ins. Co.,* 403 F.3d 401 (6th Cir. 2005) that it is well within a district court's discretion in a first-party insurance contract dispute to stay discovery on a bad faith claim since "the merits of the bad faith claim depend[ ] on" the merits of the underlying contract claim. *Smith,* 403 F.3d at 407. This Court

3

exercises this discretion accordingly, as staying discovery of Plaintiff's bad faith claims will prevent prejudice to Defendant while trying the UIM case and further judicial economy by avoiding "complicated privilege issues involved with discovery of the claims file." *Pollard v. Wood,* No. Civ. A. 5:05–444–JMH, 2006 WL 782739, at *3 (E.D. Ky. Mar. 27, 2006).

In *Shearer v. Ohio Cas. Ins. Co.,* No. 5:12-CV-00188-JMH, 2012 WL 4338675, at *2 (E.D. Ky. Sept. 20, 2012), this Court addressed whether discovery should be stayed in a first-party insurance action, such as the present case. Distinguishing the *Shearer* action from that of *Tharpe v. Illinois Nat'l Ins. Co.,* 199 F.R.D. 213 (W.D. Ky. 2001), which held that bifurcation was inappropriate in a first-party action where the insurer denied payment to the insured, claiming her chiropractic bills were unreasonable, this Court found the following:

> [L]ike in *Durbin [v. State Farm Mut. Auto. Ins. Co.,* No. Civ.A. 3:00CV-384-S, 2001 WL 1793734, at *1 (W.D. Ky. Mar. 22, 2001)**]**, a different situation is presented on the facts of this case since Plaintiff is seeking UIM benefits. *Durbin,* 2001 WL 1793734, at *1. Specifically in a UIM case, "the defendant's exposure to the plaintiff on the underinsured motorist claim is implicated only to the extent that the tortfeasor's liability coverage is insufficient." *Id.* Therefore, if a jury determines that Plaintiff's damages are less than or equal to the amount paid by the underlying carrier, then she will not be entitled to UIM benefits, nor will a bad faith claim lie against Defendants. Thus, even though this is a first-party action, bifurcation is appropriate . . . . [J]udicial economy will be furthered by staying discovery because a second trial and second set of

4

discovery will not be necessary if Plaintiff fails to succeed on liability.

*Shearer,* 2012 WL 4338675, at *2-3.

Like *Shearer,* the present case involves a Plaintiff who is seeking UIM benefits and claiming the insurer acted in bad faith. While Defendant allegedly paid $7,500.00 to resolve the UIM claim, and Plaintiff alleges this was done in bad faith, there is still a preliminary question of whether Defendant was required to pay more. Before a determination can be made regarding whether Defendant acted in bad faith by failing to pay more than $7,500.00, Plaintiff must show her damages were in excess of the $25,000.00 Plaintiff received from Ms. Jackson and the $7,500.00 provided by Defendant. To allow discovery to proceed on bad faith claims that are dependent on the underlying contractual claim goes against judicial economy by requiring the Parties to expend countless hours and resources on claims that may ultimately be unnecessary.

### D. CONCLUSION

Accordingly, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant's Motion to Bifurcate [DE 10], insofar as it requests that discovery pertaining to the bifurcated claim be held in abeyance pending resolution of the underlying contractual claim, is **GRANTED;** and

5

(2) Discovery pertaining to the bifurcated bad faith claims shall be **HELD IN ABEYANCE** pending resolution of the underlying contractual claim.

This the 22nd day of April, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge